PROCHASKA & ASSOCIATES, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.

No. 8:CV91–00073.

United States District Court,
D. Nebraska.

April 12, 1993.

David Mussman of Erickson & Seder-strom, P.C. law firm, Lincoln, NB, for Prochaska & Associates, Inc.

Kathleen M. Quinn of Kutak Rock law firm, Omaha, NB, for Merrill Lynch, Pierce, Fenner & Smith, Inc.

## ORDER

JAUDZEMIS, United States Magistrate Judge.

Pursuant to the referral orders of the Honorable Richard G. Kopf, before me for consideration are plaintiff's motion for discovery orders (# 83) and defendant's motions to compel, for protective order and for sanctions, fees & costs (# 89).

The controversy relates to the purchase by plaintiff of promissory notes sold by Robert J. Prendergast, Jr. during the time that he was employed by defendant. Because of irregularities related to the sale of the notes, Prendergast was convicted and is now serving a sentence in federal penitentiary in Leavenworth, Kansas. Plaintiff seeks to recover some of the amounts it expended on the promissory notes from defendant under the theories of common law fraud and negligent supervision.

Currently at issue as a result of the opposing motions regarding discovery are a number of interrogatories and production requests and requests for admission. In many cases, the two motions involve the same pleadings.

Plaintiff's motion for discovery orders (# 83) does not specify the discovery documents which were in controversy. The following itemization, then, comes not only from the motion itself but also from plaintiff's brief. From a careful reading of the two, it appears that plaintiff is seeking the following relief:

1. Plaintiff requests an order requiring defendant to comply with plaintiff's first request for production of documents, Re-

quest # 5, and plaintiff's second request for production of documents, Request # 3.

2. Plaintiff requests an order preventing defendant from requiring plaintiff to respond to the following discovery requests:

  a. Defendant's first set of interrogatories and second set of interrogatories;

  b. Defendant's request for production of documents which relate to plaintiff's financial documents; and

  c. Defendant's request for all written and oral communications between plaintiff and Prendergast for a four year period of time.

3. An order requiring Operation Bridge to produce to plaintiff its records regarding Prendergast.

4. An order granting plaintiff leave to depose Prendergast.

Defendant's motion (# 89) requests a protective order requiring plaintiff to comply with certain confidentiality requirements regarding the production of certain Merrill Lynch documents, an order compelling plaintiff to produce all documents, answer all interrogatories and requests for admission, and requests sanctions against plaintiff and plaintiff's counsel.

### PRODUCTION OF DEFENDANT'S DOCUMENTS

■ Request # 5 of the first request for production and Request # 3 of the second request for production seek discovery of defendant's documents which pertain to its compliance program under federal and state securities laws, their related regulations, and the rules of the NASD and NYSE. Defendant has indicated its willingness to produce these documents to plaintiff subject to a confidentiality agreement. Plaintiff refuses to execute the confidentiality agreement, contending that defendant cannot meet its burden to establish that the documents are confidential.

Defendant has submitted three affidavits supporting its claim of confidentiality regarding the documents. The affidavits are sufficient to meet defendant's burden under Fed. R.Civ.P. 26(c). *United States v. United Fruit Co.,* 410 F.2d 553 (5th Cir.1969) (specific allegations in affidavit of potential damage to business by revelation of confidential information sufficient to prevent disclosure); C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2043 (Supp.1992) (insisting that only full-fledged trade secrets be protected when disclosed through discovery undervalues concerns about the intrusiveness of discovery).

I have reviewed the Stipulation for Confidentiality of Designated Documents and Information proposed by defendant. It is even-handed, allowing either party to make use of its provisions. While generally self-effectuating, it provides a provision for a party to bring to the attention of the court at any time the question of whether any particular document should have been designated confidential by the opposing party.

Defendant will only be required to produce the requested documents after plaintiff has entered into a confidentiality agreement either identical or substantially similar to the one provided to the court as an exhibit to plaintiff's motion.

### DEFENDANT'S INTERROGATORIES— FIRST AND SECOND SETS

Defendant has served interrogatories upon plaintiff which plaintiff has answered in part and objected to. Plaintiff's objections have been asserted on several occasions, often outside of the rule-authorized time frame for answers or objections. An initial objection made by plaintiff was that the interrogatories exceeded the local limit. That objection was timely made and then, defendant contends, withdrawn.

■ The withdrawal of the objection is irrelevant to this court's rules. Defendant has no right to ask in excess of 50 interrogatories without specific leave of court. Not numbering the sub-parts of interrogatories does not change the fact that, if the interrogatories require discrete pieces of information, those interrogatories are to be counted as if the sub-parts were specifically itemized. By interrogatory 4 of defendant's first set of interrogatories to plaintiff, defendant exceeded this court's limit. Interrogatory 4 alone, double spaced, is one and one-half pages long

and requires, by my count, thirty discrete pieces of information.

Plaintiff will not be required to answer any interrogatories proposed by defendant beyond interrogatory 4 of the first set of interrogatories. To the extent any answers given to any other interrogatories are contended to be inadequate, those answers will not be required to be supplemented.

## DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

■ Defendant seeks documents to determine the relationship of plaintiff to Prendergast (both before the transaction involving the notes and during that transaction), the sophistication of plaintiff and its principals regarding investment generally, and the nature of the inquiry, if any, conducted by plaintiff regarding the note transaction. Plaintiff declines to provide the requested information.

Plaintiff contends that its sophistication in investments is not a legally relevant issue and will not be admissible at the trial of this matter. That argument is not controlling in this stage of discovery. Rule 26 is by its terms very broad and allows for the discovery not only of relevant documents but all documents which "appears reasonably calculated to lead to the discovery of admissible evidence." Similarly, plaintiff attempts to downplay any controversy regarding its reliance on Prendergast, arguing that its reliance was conclusively established by Prendergast's conviction. That argument is unavailing. Neither plaintiff nor defendant was a party to the criminal actions and the issues implicated by claims of fraud and negligent supervision will by their very nature implicate the actions taken by plaintiff in investigating the financial transactions at issue in the lawsuit. Finally, plaintiff's relationship with Prendergast apart from its purchase of notes from him is directly relevant to plaintiff's claims of negligent supervision by defendant.

■ Plaintiff contends that defendant's requests are too expansive in the time frames they request. Given that plaintiff apparently had a four year relationship with Prendergast, I do not consider document requests amended by defendant to include the time period from 1980 forward to be overly burdensome or irrelevant. With respect to the compilation of documents, plaintiff always has available to it the option to produce the records as they are maintained in the regular scope of its business pursuant to Rule 33(c).

Plaintiff will be required to produce the documents requested by defendant, those requests being limited by defendant's agreement.

## REQUESTS FOR ADMISSION

■ Plaintiff argues that defendant's requests for admission are in fact interrogatories and a subterfuge to get around the court's limit on the number of interrogatories. I have reviewed the requests for admission. Each states a separate and discrete act, requiring plaintiff to either admit or deny that fact. With respect to the majority of the requests, even though plaintiff in its brief indicates that its motion is requesting protection against answering the requests, the requests have been answered.

Plaintiff cites cases relating to the authority of the court to limit a party's ability to propound requests for admission. Neither case is particularly availing in this circumstance since each dealt with requests for admission which numbered over 2,000. *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198 (6th Cir.1986) (2,028 requests for admission propounded in 343 pages); *Salomon, S.A. v. Alpina Sports Corp.*, 737 F.Supp. 720 (D.N.H.1990) (first set consisting of 1,515 admissions; second set consisting of 1,195 admissions).

To the extent that any of defendant's requests for admission remain unanswered, plaintiff is ordered to answer them.

## DOCUMENTS OF OPERATION BRIDGE

Plaintiff has served a subpoena duces tecum on Operation Bridge, in order to obtain treatment records of Prendergast. Operation Bridge has indicated that it cannot provide the records requested without a court order. There being no other objection to the

request for documents, the requested order will be entered.

### DEPOSITION OF ROBERT PRENDERGAST, JR.

 Plaintiff requests leave pursuant to Rule 30(a) of the Federal Rules of Civil Procedure to take the deposition of Robert J. Prendergast, Jr. Defendant concurs in this request and seeks authority to also take Prendergast's deposition. However, defendant has requested that the deposition not be scheduled until plaintiff has completed the production of the documents already requested by defendant. I find that this request is reasonable and will provide for a more comprehensive examination of Prendergast by each party. For that reason, leave will be given to each party to depose Robert J. Prendergast, Jr. but only after (1) plaintiff has completed the production of documents already requested by defendant and (2) sixty (60) days after service of third-party action filed by defendant against Prendergast.

### CONCLUSION

IT IS ORDERED that:

1. Plaintiff's motion (# 83) and defendant's motion (# 89) are granted in part and denied in part as hereinafter specified;

2. Defendant is required to produce documents requested by plaintiff in first request for production of documents—# 5 and second request for production of documents—# 3 fifteen (15) days after the parties have executed a confidentiality agreement;

3. Plaintiff is ordered to produce the documents requested by defendant in its request for production of documents;

4. Plaintiff is ordered to answer defendant's requests for admissions;

5. Parties are given leave to depose Robert J. Prendergast, Jr. which deposition is to occur no sooner than sixty (60) days after service upon Prendergast of third-party complaint which has been filed against him in the instant action;

6. Operation Bridge is ordered to produce documents requested by plaintiff in compliance with the subpoena duces tecum served in this action;

7. Neither party is awarded its costs or attorney's fees against the other party with respect to their respective motions for discovery for the reason that neither party substantially prevailed or substantially was defeated with respect to the requested relief.